IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE GUZMAN-CHAVEZ,

       Plaintiff,

v.                                                           No. CIV-06-0643 MCA/ACT

LOS ANGELES COUNTY JAIL,
AND JOHN DOES 1-5,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915A(a), 1391(b), and 1406(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an inmate complaint *sua sponte* under 28 U.S.C. § 1915A(a) for improper venue. *See Brown v. Cal. Dep't of Corrections*, No. C03-2526 CRB(PR) 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, during Plaintiff's pretrial detention in Los Angeles, California, he was assaulted and injured by other inmates. He alleges that the Los Angeles corrections officers knew that Plaintiff was in danger of being assaulted and failed or refused to protect him from the other inmates. These Defendants also refused to provide him medical treatment for his injuries. Furthermore, Plaintiff asserts that the City of Los Angeles is liable on his claims because of the jail's inadequate system of reviewing and protecting new inmates from harm. He claims Defendants'

actions violated his rights under the Fourteenth and Eighth Amendments. The complaint seeks damages.

Because no Defendant resides in this District and none of the alleged events occurred here, venue is improper in this District. *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, Plaintiff's complaint could be transferred to California, *see* 28 U.S.C. § 1406(a); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see* § 1406(a); *Brown*, 2003 WL 21321362, at *1; *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, Plaintiff's complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE